**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gary Lou STOCKDALE,**
**Defendant-Appellant.**

No. 72–1202.

United States Court of Appeals,
Fifth Circuit.

July 5, 1972.

Jack Drake, University, Ala., for defendant-appellant.

Ira DeMent, U. S. Atty., D. Broward Segrest, Wade B. Perry, Jr., Asst. U. S. Attys., Montgomery, Ala., for plaintiff-appellee.

Before WISDOM and INGRAHAM, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

In this selective service case this Court feels compelled to affirm the district court's holding that crystallization of the plaintiff-appellant's conscientious objection between the time a notice of induction was mailed and the time actual induction was scheduled, was not a change in status "resulting from circumstances over which the registrant had no control". Ehlert v. United States,

1971, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed. 2d 625. *Ehlert* held also that the Selective Service Statute, 32 CFR § 1625.2 (1971) prohibits a Local Board's reopening a registrant's classification in circumstances similar to those this case presents. Here, however, the registrant's board did take some action which the registrant describes in his brief as a "de facto" reopening of his classification. The United States Attorney, in his brief, describes this action of the Local Board as a "courtesy interview". Regardless of how it may be described, the Board had no power to reopen the registrant's classification. Moreover, the Board's conclusory statements, pure dictum, which the registrant had no opportunity to respond to, should not be permitted to prejudice the registrant in any other proceedings he might bring.

The judgment is affirmed.